Filed 8/12/25  P. v. Swann CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C101194 |
| v. | (Super. Ct. No. 23F9552) |
| GLENN CURRY SWANN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Glenn Curry Swann asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

In November and December 2023, defendant engaged in multiple domestic violence incidents with his girlfriend.  The jury found him guilty of misdemeanor battery on a girlfriend (Penal Code, § 243[1] – counts 1 and 6), felony assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4) – counts 2, 4 and 5), and

---

[1] Undesignated statutory references are to the Penal Code.

misdemeanor contempt of court (§ 166, subd. (c)(1) – count 9).  Regarding counts 2, 4 and 5, the jury found true allegations that the crimes involved great violence.  (Cal. Rules of Court, rule 4.421(a)(1).)  The trial court found true allegations that defendant had a prior strike conviction (§ 1170.12) and served a prior prison term (Cal. Rules of Court, rule 4.421(b)(3)).

Prior to sentencing, the trial court denied defendant's *Romero*[2] motion seeking to dismiss his prior strike conviction, and also his *Marsden*[3] motion seeking to relieve his appointed counsel.  The trial court sentenced defendant to an aggregate 10 years in prison, consisting of the following:  on the count 5 conviction for assault by means of force likely to produce great bodily injury, the middle term of three years, doubled to six years for the prior strike; on the count 2 conviction for assault by means of force likely to produce great bodily injury, a consecutive one year (one-third the mid-term), doubled for the prior strike; on the count 4 conviction for assault by means of force likely to produce great bodily injury, a consecutive one year (one-third the mid-term), doubled for the prior strike; on the count 1 conviction for misdemeanor battery, a concurrent 364 days, stayed under section 654; on the count 6 conviction for misdemeanor battery, a concurrent 364 days; and on the count 9 conviction for misdemeanor contempt of court, a concurrent 364 days.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

[3] *People v. Marsden* (1970) 2 Cal.3d 118.

of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

/S/
MAURO, Acting P. J.

We concur:

/S/
KRAUSE, J.

/S/
WISEMAN, J.*

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.